GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
E-mail: hurleyg@gtlaw.com
MICHAEL J. CHILLEEN (SBN 210704)
E-mail: chilleenm@gtlaw.com
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: 949-732-6500
Facsimile: 949-732-6501

Attorneys for Defendants
ISLANDS RESTAURANTS, LP dba ISLANDS FINE BURGERS & DRINKS
and BARBARA ECKE WINTER, SURVIVING TRUSTEE OF THE
RAY & BARBARA WINTER TRUST

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>          Plaintiff,<br><br>vs.<br><br>ISLANDS RESTAURANTS, LP dba ISLANDS FINE BURGERS & DRINKS; BARBARA ECKE WINTER, SURVIVING TRUSTEE of the RAY & BARBARA WINTER TRUST,<br><br>          Defendants. | CASE NO. 11CV2260 W JMA<br><br>**DEFENDANTS ISLANDS RESTAURANTS, LP dba ISLANDS FINE BURGERS & DRINKS AND BARBARA ECKE WINTER, SURVIVING TRUSTEE OF THE RAY & BARBARA WINTER TRUST'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Assigned to: Honorable Thomas J. Whelan |

Defendants ISLANDS RESTAURANTS, LP dba ISLANDS FINE BURGERS & DRINKS and BARBARA ECKE WINTER, SURVIVING TRUSTEE OF THE RAY & BARBARA WINTER TRUST ("Defendants"), in answer to Plaintiff's Complaint, admit, deny and allege as follows:

## I.      SUMMARY

1.      Answering Paragraph 1 of the Complaint, Defendants admit only that Plaintiff has sued Defendants for alleged discrimination at Islands Fine Burgers & Drinks, 889 Palomar Airport Road, Carlsbad, CA 92011.  Defendants are without knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, deny them.

2.      Answering Paragraph 2 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

## II.      JURISDICTION

3.      Answering Paragraph 3 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

4.      Answering Paragraph 4 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

5.      Answering Paragraph 5 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

## III.      VENUE

6.      Answering Paragraph 6 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

## IV.      PARTIES

7.      Answering Paragraph 7 of the Complaint, Defendants admit only that they own, operate, and/or lease the subject property.

8.      Answering Paragraph 8 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

1

ANSWER TO COMPLAINT                                        CASE NO. 11CV2260 W JMA

## V.   FACTS

9.   Answering Paragraph 9 of the Complaint, Defendants admit only that "[t]he Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use." As to the remaining allegations contained in Paragraph 9, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

10.   Answering Paragraph 10 of the Complaint, Defendants deny each and every allegation.

11.   Answering Paragraph 11 of the Complaint, Defendants deny each and every allegation.

12.   Answering Paragraph 12 of the Complaint, Defendants deny each and every allegation.

13.   Answering Paragraph 13 of the Complaint, Defendants deny each and every allegation.

14.   Answering Paragraph 14 of the Complaint, Defendants deny each and every allegation.

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

15.   Answering Paragraph 15 of the Complaint, Defendants incorporates their answers contained in paragraphs 1 through 14.

16.   Answering Paragraph 16 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

17.   Answering Paragraph 17 of the Complaint, Defendants deny each and every allegation.

### Failure to Remove Architectural Barriers in an Existing Facility

18.   Answering Paragraph 18 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

19.   Answering Paragraph 19 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

20.   Answering Paragraph 20 of the Complaint, Defendants deny each and every allegation.

21.   Answering Paragraph 21 of the Complaint, Defendants deny each and every allegation.

/ / /

/ / /

/ / /

2

<u>Failure to Design and Construct an Accessible Facility</u>

22.     Answering Paragraph 22 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

23.     Answering Paragraph 23 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

24.     Answering Paragraph 24 of the Complaint, Defendants deny each and every allegation.

<u>Failure to Make an Altered Facility Accessible</u>

25.     Answering Paragraph 25 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

26.     Answering Paragraph 26 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

27.     Answering Paragraph 27 of the Complaint, Defendants deny each and every allegation.

<u>Failure to Modify Existing Policies and Procedures</u>

28.     Answering Paragraph 28 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

29.     Answering Paragraph 29 of the Complaint, Defendants deny each and every allegation.

30.     Answering Paragraph 30 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

31.     Answering Paragraph 31 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

**VII.     SECOND CLAIM**

**Disabled Persons Act**

32.     Answering Paragraph 32 of the Complaint, Defendants incorporate their answers contained in paragraphs 1 through 30.

3

33.     Answering Paragraph 33 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

34.     Answering Paragraph 34 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

35.     Answering Paragraph 35 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

36.     Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation.

37.     Answering Paragraph 37 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

38.     Answering Paragraph 38 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

## VIII.   THIRD CLAIM

### Unruh Civil Rights Act

39.     Answering Paragraph 39 of the Complaint, Defendants incorporate their answers contained in paragraphs 1 through 30.

40.     Answering Paragraph 40 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

41.     Answering Paragraph 41 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

42.     Answering Paragraph 42 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

43.     Answering Paragraph 43 of the Complaint, Defendants deny each and every allegation.

44.     Answering Paragraph 44 of the Complaint, Defendants deny each and every allegation.

45.     Answering Paragraph 45 of the Complaint, Defendants deny each and every allegation.

/ / /

/ / /

4

46. Answering Paragraph 46 of the Complaint, Defendants are without knowledge or information to form a belief as to the truth of the allegations therein, and on that basis, deny each and every allegation.

### IX.   FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

47. Answering Paragraph 47 of the Complaint, Defendants incorporate their answers contained in paragraphs 1 through 13.

48. Answering Paragraph 48 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

49. Answering Paragraph 49 of the Complaint, Defendants are not required to answer legal conclusions and argument, and on that basis, deny each and every allegation.

50. Answering Paragraph 50 of the Complaint, Defendants deny each and every allegation.

51. Answering Paragraph 51 of the Complaint, Defendants deny each and every allegation.

Furthermore, Defendants allege the following affirmative defenses with respect to each cause of action:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

2. Plaintiff lacks standing to pursue his alleged claims.

### THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

3. Plaintiff is barred from pursuing his alleged claims because they are barred by the applicable statute of limitations.

///

ANSWER TO COMPLAINT                                                CASE NO. 11CV2260 W JMA
OC 286,821,239v1 10-26-11

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.     The purported architectural barriers provide effective access to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

(Removal of Architectural Barriers Was Not Readily Achievable)

5.     Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because the removal of the alleged architectural barriers was not readily achievable.

## SIXTH AFFIRMATIVE DEFENSE

(Full Compliance Is Structurally Impracticable)

6.     Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because full compliance with the accessibility requirements would be structurally impracticable.

## SEVENTH AFFIRMATIVE DEFENSE

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible To the Maximum Extent Feasible)

7.     Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because any and all alterations to the facility, if any, were made to ensure that the facility would be readily accessible to the maximum extent feasible.

## EIGHTH AFFIRMATIVE DEFENSE

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function Is Disproportionate to the Cost of the Overall Alteration)

8.     Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

/ / /

/ / /

6

1

## NINTH AFFIRMATIVE DEFENSE

2

(Defendants Provided Services Via Alternative Methods)

3

9.     Any allegedly wrongful acts or omissions performed by Defendants or their agents, if

4

there were any, do not subject Defendants to liability because Defendants accommodated Plaintiff's

5

alleged disability by providing services via alternative methods other than the removal of alleged

6

architectural barriers.

7

## TENTH AFFIRMATIVE DEFENSE

8

(Good Faith Reliance Upon Local Building Authorities)

9

10.     Plaintiff's Complaint and each claim alleged therein are barred by Defendants' good faith

10

reliance upon reasonable interpretations of California law by local building authorities and issuance of

11

appropriate building permits and Certificates of Occupancy for the facilities at issue.

12

## ELEVENTH AFFIRMATIVE DEFENSE

13

(Privilege)

14

11.     Defendants' conduct was privileged because it was undertaken pursuant to the terms of

15

the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety

16

and public safety.

17

## TWELFTH AFFIRMATIVE DEFENSE

18

(Undue Burden)

19

12.     Insofar as Defendants have not made alterations to the facilities at issue, which Plaintiff

20

contends should have been made, those changes were not and are not required under federal or

21

California law, and any requirements to make those changes would impose an undue burden upon

22

Defendants.

23

## THIRTEENTH AFFIRMATIVE DEFENSE

24

(Estoppel)

25

13.     Plaintiff is estopped by his conduct from recovering any relief under the Complaint.

26

## FOURTEENTH AFFIRMATIVE DEFENSE

27

(Waiver)

28

14.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

7

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

15.     Plaintiff failed to properly mitigate his alleged damages and therefore is precluded from recovering those alleged damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Preemption)

16.     Plaintiff's state law claims are preempted by federal law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Indispensable Party)

17.     Plaintiff's alleged claims are barred, in whole or in part, because of his failure to name an indispensable party or parties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Misapplication of Section 51 of the California Civil Code)

18.     Plaintiff is barred from recovery under California Civil Code Section 51 because such section does not apply to the alleged conduct at issue.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Fundamental Alteration)

19.     Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because the relief demanded in Plaintiff's Complaint would, if granted, result in a fundamental alteration of Defendants' services.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Legitimate Business Justifications)

20.     The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendants because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

/ / /

/ / /

8

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Damages)

21.    Defendants are informed and believes and based thereon alleges that Plaintiff has not suffered any damage as a result of any actions taken by Defendants, and Plaintiff is thereby barred from asserting any claim against Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Good Faith)

22.    Defendants and their agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Comparative Negligence)

23.    Plaintiff's alleged damages and the occurrences alleged in the Complaint were caused by the negligence and/or fault of Plaintiff, or other persons or entities, whether or not parties to this action, and Defendants' alleged liability should be reduced accordingly.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Dimensional Tolerances)

24.    Plaintiff's claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Lack of Notice)

25.    Plaintiff's claims are barred because Plaintiff failed to provide any notice to Defendants regarding the alleged accessibility issues prior to filing this lawsuit.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Good Faith Reliance Upon Advice Of Architects)

26.    Plaintiff's claims are barred by reason of Defendants' good faith reliance upon the advice of architects with respect to said facilities.

/ / /

9

ANSWER TO COMPLAINT                                              CASE NO. 11CV2260 W JMA

OC 286,821,239v1 10-26-11

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

(Laches)

3    27.    Plaintiff's claims are barred under the doctrine of laches.

4

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

5

(Unclean Hands)

6    28.    Plaintiff's claims are barred under the doctrine of unclean hands.

7

## TWENTY-NINTH AFFIRMATIVE DEFENSE

8

(Defenses Under Federal Rules of Civil Procedure)

9    29.    Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by

10   Rules 8 and 12 of the Federal Rules of Civil Procedure.  The extent to which Plaintiff's claims may be

11   barred cannot be determined until Defendants have an opportunity to complete discovery.  Therefore,

12   Defendants incorporate all such affirmative defenses as though fully set forth herein.

13

## THIRTIETH AFFIRMATIVE DEFENSE

14

(Mootness)

15   30.    Plaintiff's claims are barred under the doctrine of mootness.

16

## THIRTY-FIRST AFFIRMATIVE DEFENSE

17

(Reservation of Defenses)

18   31.    Defendants allege all other defenses that may potentially become available as a result of

19   information developed through discovery or trial.

20

## PRAYER

21   **WHEREFORE**, Defendants pray that this Court enter a judgment as follows:

22   1.    That the Complaint be dismissed with prejudice and that judgment be entered in favor of

23   Defendants;

24   2.    That Plaintiff take nothing by way of his Complaint;

25   3.    That Defendants be awarded their costs of suit incurred in defense of this action,

26   including their attorney fees; and

27   / / /

28   / / /

10

1    4.    For such further and other relief as the Court may deem just and proper.

2

3    DATED:  October 26, 2011             GREENBERG TRAURIG, LLP,

4
                                   By /s/ Gregory F. Hurley
5                                         Gregory F. Hurley
                                       Michael J. Chilleen
6                                       Attorneys for ISLANDS RESTAURANTS, LP dba
                                       ISLANDS FINE BURGERS & DRINKS and
7                                       BARBARA ECKE WINTER, SURVIVING
                                       TRUSTEE OF THE RAY & BARBARA WINTER
8                                       TRUST

9

10                              **<u>DEMAND FOR JURY TRIAL</u>**

11        Defendants hereby demand a jury trial.

12

13

14   DATED:   October 26, 2011            GREENBERG TRAURIG, LLP,

15                                   By /s/ Gregory F. Hurley
                                       Gregory F. Hurley
16                                     Michael J. Chilleen
                                       Attorneys for ISLANDS RESTAURANTS, LP dba
17                                     ISLANDS FINE BURGERS & DRINKS and
                                       BARBARA ECKE WINTER, SURVIVING
18                                     TRUSTEE OF THE RAY & BARBARA WINTER
                                       TRUST

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT                              CASE NO. 11CV2260 W JMA
OC 286,821,239v1 10-26-11

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612**.

On the below date, I served **DEFENDANTS ISLANDS RESTAURANTS, LP dba ISLANDS FINE BURGERS & DRINKS AND BARBARA ECKE WINTER, SURVIVING TRUSTEE OF THE RAY & BARBARA WINTER TRUST'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** with the Clerk of the United States District Court for the Central District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Lynn Hubbard, III
Scottlynn J. Hubbard, IV
Disabled Advocacy Group APLC
12 Williamsburg Lane
Chico, CA 95926
Telephone No.: (530) 895-3252
Facsimile No.: (530) 894-8244
Email: usdcso@hubslaw.com

*Attorneys for Plaintiff,* ISLANDS RESTAURANTS, LP dba ISLANDS FINE BURGERS & DRINKS and BARBARA CKE WINTER, SURVIVING TRUSTEE OF THE RAY & BARBARA WINTER TRUST

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of the Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of the Court and at whose direction the service was made.

Executed on October 26, 2011 at Irvine, California.

/s/ Gregory F. Hurley
Gregory F. Hurley

PROOF OF SERVICE

OC 286,821,239v1 10-26-11