UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>                Plaintiff,<br>  v.<br><br>ISLANDS RESTAURANTS, LP;<br>BARBARA ECKE WINTER,<br>surviving trustee of the RAY &<br>BARBARA WINTER TRUST,<br><br>                Defendants. | CASE NO: 11-CV-2260 W (JMA)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 32]** |

    Pending before the Court is Defendants' second motion for summary judgment under Federal Rule of Civil Procedure 56. (*Defs.' MSJ* [Doc. 32]; *see Reply* [Doc. 34].) The Court decides the matters on the papers and without oral argument. <u>See</u> Civ. L. R. 7.1(d.1). For the reasons discussed below, the Court **DENIES** Defendants' motion.

I.    <u>BACKGROUND</u>

    Plaintiff Chris Kohler is paraplegic and requires a wheelchair to travel in public. (*Compl.* [Doc. 1] 3; *First Kohler Decl.* [Doc. 20-1] 2.) On September 22, 2011, Kohler

visited Defendant Islands Restaurant ("Islands")[1] and purportedly encountered several physical and intangible barriers to his use and enjoyment of the premises. (*Compl.* 3.) A week later, Kohler filed suit against Islands in this Court, alleging numerous violations of the Americans with Disabilities Act ("ADA") of 1990 (42 U.S.C. § 12101 *et seq.*), California's Disabled Persons Act ("DPA") (Cal. Civil Code § 54 *et seq.*), the Unruh Civil Rights Act ("UCRA") (Cal. Civil Code § 51), and the Health and Safety Code ("HSC") (specifically, §19955(a)). (*Id.* 5-10.) In his complaint, Kohler alleges the following barriers common to all causes of action:

- The slope of at least one disabled parking space exceeds two percent.
- The signage in front of at least one of the accessible parking spaces is blocked by foliage.
- The signage at the van accessible parking space is incorrect.
- The lowered seating at the bar area is inaccessible and faces a wall less than two feet away.
- The toilet tissue dispenser is more than 12 inches from the front of the water closet.
- The back grab bar does not extend 24 inches past the centerline of the water closet.
- There is insufficient clear knee and floor space beneath the accessible lavatory.
- The pipes beneath the lavatory are incompletely wrapped.
- There is insufficient strike side clearance when exiting the restroom.

(*Id.* 3-4.) Kohler seeks injunctive and declaratory relief for his ADA claims, and actual and statutory damages for his California claims. (*Id.* 8-10.) Kohler also seeks attorney's fees and costs for all claims. (*Id.*)

The parties filed cross-motions for summary judgment. (*See Defs.' First MSJ* [Doc. 16]; *Pl.'s X-MSJ* [Doc. 23]). On July 2, 2012, the Court granted in part and denied in part Defendant's motion for summary judgment and denied Plaintiff's cross-

---

[1] The Court will refer to Defendants collectively as "Islands."

motion for summary judgment.  (*See MSJ Order* [Doc. 31]).  As a result, all ADA barrier claims except for excessive parking space slopes were dismissed as moot.  (*Id.*)

Islands now moves for summary judgment on the grounds that Kohler's remaining ADA claim regarding the slopes of the disabled parking spaces is now also moot, and that the Court should decline to exercise supplemental jurisdiction over his state-law claims.  (*Defs.' MSJ* 1.)  Kohler, on the other hand, argues that the slope of Islands's disabled parking spaces still exceeds two percent, in violation of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").  (*Opp'n* [Doc. 33] 2.)  Kohler contends that this makes summary judgment for Islands improper, and also that the court has proper jurisdiction over his state-law claims and should retain jurisdiction over them regardless of whether the Court finds the remaining ADA claim moot.  (*Id.* 2-8.)

## II.  LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.  "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case, or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element

essential to that party's case on which that party will bear the burden of proof at trial. <u>Id.</u> at 322-23. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 159-60 (1970).

On the other hand, if the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986); <u>Triton Energy Corp. v. Square D Co.</u>, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient."). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." <u>Carmen v. S.F. Unified Sch. Dist.</u>, 237 F.3d 1026, 1030 (9th Cir. 2001). Thus, the court is not obligated "to scour the record in search of a genuine issue of triable fact." <u>Keenan v. Allen</u>, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing <u>Richards v. Combined Ins. Co. of Am.</u>, 55 F.3d 247, 251 (7th Cir. 1995)). When conducting this analysis, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. <u>See</u> <u>Matsushita</u>, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." <u>Anderson</u>, 477 U.S. at 255.

//
//
//
//

## III. DISCUSSION

### A. Mootness of Kohler's Remaining ADA Claim

First, Islands moves for summary judgment on the ground that Kohler's remaining ADA claim regarding the slope of the parking spaces is moot. (*Defs.' MSJ* 1-3.) With the exception of attorney's fees, the only remedy available to Kohler under the ADA is injunctive relief. Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005). If Islands has remedied the slope of the parking spaces, then there is no longer a basis to support Kohler's request for relief, and his ADA claim is moot. Id. at 1130-31.

In support of its motion, Islands attaches a declaration from Lewis Jackson ("Jackson"), Vice-President of Real Estate & Development for Islands, explaining Islands' compliance with Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and providing photographic evidence of the same. (*Jackson Decl.* [Doc. 32-4].) Jackson declares that Islands "completely redid the parking lot in late September 2012 and ha[s] installed a concrete slab so that there can be no question that the slopes of the disabled parking spaces and access aisles do not currently exceed 2%." (*Id.*) In Exhibit A, Islands presents photographs of a level with a digital slope display at various locations in Islands's disabled parking spaces. (*Id. Ex.* A.) In each photograph, the digital display shows a slope not exceeding 2%. indicates a slope less than two percent. (*Id.*) This evidence does not entitle Islands to summary judgment.

Islands' evidence merely demonstrates that certain areas within the parking spots are under a 2% grade. Absent a showing that their methodology in measuring the slope of the parking spaces is sufficient to demonstrate compliance with the ADAAG, namely that the entire parking spot in question is below 2% grade, the Court finds genuine issues of material fact exist as to whether Islands handicap parking spots, in their entirety, exceed 2%. Thus, the Court DENIES must deny summary judgment on Islands' mootness argument. Celotex, 477 U.S. at 323.

### B. Supplemental Jurisdiction over Kohler's State Law Claims

Where a district court has original jurisdiction over a claim, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action … that they form part of the same case or controversy …." 28 U.S.C. § 1367(a). However, a court may decline to exercise supplemental jurisdiction in four instances under 28 U.S.C. § 1367(c).

Islands next argues that the Court should decline to exercise supplemental jurisdiction over Kohler's state law claims. Specifically, Islands suggests that three of the four bases for dismissal apply in this case: (1) the district court has dismissed all claims over which it has original jurisdiction; (2) the claims raise novel and complex issues of state law; and (3) the claims substantially predominate over the claim or claims over which the district court has original jurisdiction. See 28 U.S.C. § 1367(c); (*Defs.' MSJ 3-7.*)

#### 1. *Dismissal is Not Warranted Based On Dismissal of Federal Claim*

As discussed, the Court denies summary judgment on Islands's argument that Kohler's ADA claim is moot. Consequently, Islands's contention that Kohler's supplemental claims should be dismissed based on the dismissal of his ADA claim is unavailing. Therefore, Islands' motion for summary judgment on this ground is **DENIED**.

#### 2. *Kohler's Claims Do Not Raise Novel and Complex Issues of State Law*

Islands also contends that Kohler's claims under the UCRA and the DPA raise novel and complex issues of state law and thus warrant their dismissal. (*Defs.' MSJ 5-6.*) However, Islands relies primarily on a distinguishable case, Grutman v. The Regents of the University of California, 807 F. Supp. 2d 861 (N.D. Cal. 2011). In that case, the court dismissed plaintiff's state law claims due to the complex question of whether or not the plaintiff was entitled to daily damages where she was continuously affected by

a barrier at her dormitory multiple times per day for several weeks. Id. at 863, 870. The court stated, "[t]he critical issue raised by the parties is the meaning of the words 'each ... offense' in Cal. Civ. Code Section 52 *in the context of the facts of this case*." Id. at 867 (emphasis added). Thus, the court found that the law as it applied to the plaintiff's unique situation raised novel and complex issues of state law.

Here, Kohler was not continuously affected by a barrier in his daily life, and Islands does not point to any language in Kohler's Complaint to indicate that Kohler is seeking damages for each and every day after his first visit to Islands[2]. In this case, the meaning of the words "each offense" is not in question and cannot be said to raise novel and complex issues of state law. In fact, case law supports Kohler's contention that federal courts routinely exercise supplemental jurisdiction over UCRA and DPA claims where a plaintiff complains about encountering barriers during a few visits to one establishment. For example, in McCune v. 628 Harvard Cameron, LLC, No. 2:10-cv-02011-GEB-GGH, slip op. (E.D. Cal. Nov. 29, 2012), the plaintiff encountered disabled parking spaces that exceeded 2% slope at a shopping complex on five occasions. Id. at 2. The court in that case exercised jurisdiction over the plaintiff's claims under the UCRA and the DPA. Id. at 4. The court stated, "[s]tatutory damages under both laws are available for each 'offense,' *i.e.*, visit, wherein Plaintiff suffered discrimination." Id. It then awarded the plaintiff damages for each of his five visits. Id. at 5.

Furthermore, the Ninth Circuit affirmed a district court's award of damages under the UCRA for each of the seven incidences the plaintiff was deterred from visiting a concert hall due to barriers in violation of the ADA. See Lentini v. California Center for the Arts, Escondido, 370 F. 3d 837, 847 (9th Cir. 2004). Therefore, contrary to Islands contentions, courts routinely exercise jurisdiction over supplemental

---

[2] Regardless, in 2008, the relevant California Civil Code sections were amended to resolve the daily damages issue. Kohler v. Rednap, Inc., 794 F. Supp. 2d 1091, 1094 (C.D. Cal. 2011) ("Indeed, a later amendment to the statutes in 2008 makes clear that damages are not available on a daily basis.").

claims under the UCRA and the DPA, as these types of claims do not generally raise novel or complex issues of state law.

Because Islands has not shown that Kohler's UCRA and DPA claims raise novel or complex issues of state law, the Court **DENIES** Islands' motion for summary judgment on these grounds.

### 3. *Kohler's State Law Claims Do Not Substantially Predominate Over his Federal Claim*

"If it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." United Mine Workers v. Gibbs, 2 383 U.S. 715 (1966). However, the Ninth Circuit clarifies that once a factual predicate corresponding to one of the categories of 28 U.S.C. § 1367(c) is identified, "the exercise of discretion . . . still is informed by whether remanding the [supplemental] state claims comports with the underlying objective of most sensibly accommodat[ing] the values of economy, convenience, fairness, and comity." Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California, 24 F.3d 1545, 1552 (9th Cir. 1994) (overruled on separate grounds) (citing Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir.1992)) (internal quotations omitted).

Lastly, Islands moves for summary judgment on the basis that Kohler's state law claims "substantially predominate" over his ADA claim. Neither party cites to binding law addressing this particular issue, and pertinent Ninth Circuit district court opinions conflict.[3] Compare Jankey v. Beach Hut, 2005 WL 5517235 at *5 (C.D. Cal. Dec. 8, 2005) (stating that state law claims substantially predominated over federal ADA claim where the plaintiff sued under the ADA, DPA, UCRA, and California Health and

---

[3] Kohler cites three 9th Circuit cases, but none address the issue of whether state law claims substantially predominate over federal claims. (*Opp'n* 5.)

Safety Code) and Molski v. Mandarin Touch Restaurant, 359 F. Supp. 2d 924 (C.D. Cal. 2005) (same) and Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F. Supp. 2d 1120 (S.D. Cal. 2005) (same) with Delgado v. Orchard Supply Hardware Corp., 826 F. Supp. 2d 1208, 1221 (E.D. Cal. 2011) (stating that state law claims did *not* substantially predominate over the federal ADA claim where the plaintiff sued under the ADA, DPA, UCRA, and California Health and Safety Code) and Moore v. Anaya, 2012 WL 1657205 (E.D. Cal. May 10, 2012) (same) and Lerma v. NTT McKee Retail Center, LLC, 2011 WL 4948667 (N.D. Cal. Oct. 18, 2011) (same).

This Court finds the reasoning in Kohler v. Rednap, Inc., 794 F. Supp. 2d 1091 (C.D. Cal. 2011) instructive. In Rednap, Kohler alleged he encountered barriers to his access of a Denny's restaurant and asserted the same four claims he asserts here. Id. at 1092. There, the court held Kohler's state law claims did not substantially predominate in terms of proof because they were predicated on ADA violations and thus, "the proof for those claims is identical to that needed to prove violation of the ADA." Id. at 1096. Although "the availability of damages under state law means that the state-law claims present a slightly larger scope of issues and offer more comprehensive remedies," this does not warrant declining supplemental jurisdiction. Id.; see also Chavez v. Suzuki, 2005 WL 3477848 at *2 ("[T]he mere fact that the state claims allow for the recovery of monetary damages, whereas the ADA provides for injunctive relief only, does not compel the conclusion that the state claims 'substantially predominate' over the federal claim.").

Furthermore, even were the Court to find that Kohler's state law claims substantially predominate over his federal claim, it would retain jurisdiction based on the "values of economy, convenience, fairness, and comity." See Executive Software, 24 F.3d at 1552. The reasoning in a substantially similar case, Delgado v. Orchard Supply Hardware Corp., 826 F. Supp. 2d 1208 (E.D. Cal. 2011), is instructive. There, the court stated, "[i]f this court forced plaintiff to pursue his state law claims in state

court, the result would be two highly duplicative trials, constituting an unnecessary expenditure of plaintiff's, defendant's, and the two courts' resources." Id. at 1221. Furthermore, if this Court were to remand the plaintiff's state law claims, it would "effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act." Id.

In light of the foregoing, the Court **DENIES** Islands' motion for summary judgment on this ground.

## IV. CONCLUSION

For the reasons above, the Court **DENIES** Islands's motion for summary judgment.

**IT IS SO ORDERED.**

DATED: July 24, 2013

_____
Hon. Thomas J. Whelan
United States District Judge